IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. **3:11-CR-00106-L** |
| | § | |
| **VAELON WOFFORD (12)** | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant Vaelon Wofford's ("Wofford") *pro se* Motion and Questionnaire for Reduction of Sentence Pursuant to Section 404 of the First Step Act of 2018 (Doc. 480), March 5, 2019. After considering the motion, record, and applicable law, the court determines that Wofford's motion should be and is hereby **denied**.

### I.   Background

On June 30, 2011, pursuant to a plea agreement, Wofford pled guilty to conspiracy to possess with intent to distribute more than 28 grams of cocaine base in violation of 18 U.S.C. §§ 846, 841(a)(1), & (b)(1)(B). Based on the indictment and Wofford's plea agreement, the conspiracy count with which he was charged began in 2009 and continued through April 19, 2011. Because Wofford was deemed a career offender based on his prior convictions at the time of sentencing, the advisory sentencing guideline computations to determine his guideline imprisonment range—188 to 235 months—were made pursuant to the career offender provisions set forth in United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. He was sentenced on January 25, 2012, to 150 months' imprisonment—which sentence was a 38-month downward departure from the minimum advisory guideline sentence range—followed by a four-year term of supervised release. Wofford did not appeal his conviction or sentence to the Fifth Circuit Court of Appeals.

On March 4, 2013, Wofford filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which was denied on March 19, 2013. Wofford subsequently filed a petition for writ of habeas corpus to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on September 22, 2016. Wofford's habeas petition was dismissed with prejudice on April 10, 2018, as barred by the statute of limitations, and his motion for reconsideration of the dismissal was denied on June 19, 2018.

Wofford filed the pending motion on March 5, 2019 seeking reduction of his sentence under Section 404 of the First Step Act of 2018 ("First Step Act"). The U.S. Probation Office submitted a First Step Act Worksheet ("FSA Worksheet") on December 20, 2019, wherein the Probation Office indicated Wofford was eligible for a sentencing reduction. The FSA Worksheet further indicated that Wofford's sentencing guideline range remained unchanged and that, if tried today, Wofford would not have a career offender designation as the predicate convictions determining his career offender status no longer qualify for the designation. The government filed a response in opposition to Wofford's motion on February 11, 2020, to which Wofford replied on April 2, 2020.

## II.     Discussion

In relevant part, the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (2010), which became law on August 3, 2010, amended the Controlled Substances Act by increasing "the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012); *see also* 18 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii). Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of cocaine base (crack)

under the Controlled Substances Act. *See Dorsey*, 567 U.S. at 269; Fair Sentencing Act of 2010 § 3; 21 U.S.C. § 844(a).

The First Step Act of 2018 ("First Step Act"), which became law on December 21, 2018, introduced several criminal justice reforms, including granting sentencing courts limited authority to impose sentence reductions retroactively for crack-based offenses amended by §§ 2 and 3 of the Fair Sentencing Act. *See United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir. 2019) (citing First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018)). Specifically, § 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010;
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-120; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018 § 404; *Hegwood*, 934 F.3d at 416-17.

Here, Wofford was indicted and sentenced for conspiracy to possess with intent to distribute more than 28 grams of cocaine base after the Fair Sentencing Act was enacted. Wofford's offense of conviction accords with the Fair Sentencing Act's amendment to §

841(b)(1)(B) of the Controlled Substances Act wherein the drug amount required to trigger the 5-year mandatory minimum sentence was increased from 5 grams to 28 grams of crack. The statutory penalties for Wofford's offense remain the same as they did at the time of Wofford's original sentencing. Accordingly, even assuming, without deciding, that Wofford had a "covered offense" under § 404(a) of the First Step Act, he does not qualify for relief under the First Step Act because § 404(c) prohibits sentence reductions where, as here, the "sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."[1] First Step Act of 2018 § 404(c); *see also United States v. Jackson*, 945 F.3d 315, 320-321 (5th Cir. 2019) (quoting § 404(c) of the First Step Act).

Even if Wofford qualified for a sentence reduction under § 404 of the First Step Act, which he does not, the applicable statutory penalty range of 5–40 years for his offense under § 841(b)(1)(B)(iii) remains the same today as it did at the time of original sentencing. Further, the court does not have the authority to engage in plenary resentencing by recalculating Wofford's career offender sentencing enhancement in 2011 through the lens of today's applicable sentencing guidelines and to modify his sentence accordingly. *See Hegwood*, 934 F.3d at 418-19 ("The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape *only by the changes mandated by the 2010 Fair Sentencing Act*." (emphasis added)); *United States v. Baker*, 801 F. App'x 309, 310 (5th Cir. 2020) (per curiam) (rejecting argument that district court should have revisited career-offender finding and stating, "the First Step Act does not allow plenary resentencing" (internal quotation marks omitted)); *United States v. Batiste*, Crim. Act. No. 06-145, 2019 WL 5811293, at *3 (E.D. La.

---

[1] The court notes that, based on the end date identified for Wofford's offense, April 19, 2011, relief under § 404 would be unavailable to him because the offense was committed after August 3, 2010; however, the indictment and Wofford's factual resume in support of his guilty plea to the indictment indicate that the offense for which he was sentenced spanned from sometime in 2009 through April 19, 2011, thus including dates prior to August 3, 2010.

**Memorandum Opinion and Order – Page 4**

Nov. 7, 2019) (declining to consider interim changes in the law to career offender sentencing guidelines based on rule set forth in *Hegwood*).[2]

### III. Conclusion

For the reasons set forth above, the court **denies** Wofford's Motion and Questionnaire for Reduction of Sentence Pursuant to Section 404 of the First Step Act of 2018 (Doc. 480).

**It is so ordered** this 11th day of June, 2020.

Sam A. Lindsay
United States District Judge

---

[2] Courts may not recalculate a defendant's sentencing guidelines outside of those sections modified by the Fair Sentencing Act and engage in plenary resentencing under the holding of *Hegwood*; however, a defendant's career offender status and corresponding penalties may be evaluated in circumstances when the defendant qualifies for resentencing under § 404 and the court engages in consideration of the factors under 18 U.S.C. § 3553(a) in deciding whether to resentence a defendant. *See, e.g., United States v. Flowers*, Crim. Act. No. 08-188, 2020 WL 1916616, at *5 (E.D. La. April 20, 2020) (granting § 404 sentence modification and considering career offender determination in analysis of 18 U.S.C. § 3553(a) factors) (citing *Jackson*, 945 F.3d at 322, nn.7 & 8).